IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTONIO WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:21-cv-02256-TLP-tmp |
| v. ) | |
| ) | |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING § 2254 PETITION WITH PREJUDICE, DENYING A
CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD
NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED
IN FORMA PAUPERIS ON APPEAL**

Petitioner Antonio White[1] petitioned pro se for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). (ECF Nos. 1 & 5.)[2] And he paid the habeas filing fee. (ECF No. 7.) Petitioner explains that in February 2017, officers arrested him at his girlfriend's residence on an aggravated assault warrant. (ECF No. 1 at PageID 2.) Following his arrest, officers did an "unlawful" search of his girlfriend's residence and found "a relatively small amount of drugs (cocaine) and a firearm in the residence." (*Id.*) He complains that federal prosecutors then used this evidence to convict him in federal court, even though the state dismissed the aggravated assault charges. (*Id.* at PageID 2–3; *see* ECF No. 5 at PageID 22–23.)

As a result, Petitioner argues that he is "being illegally restrained" in federal custody based on evidence "found by state officers that he was never charged or arrested for in violation

---

[1] Petitioner is incarcerated at the United States Penitentiary McCreary in Pine Knot, Kentucky. His prisoner number is 30664-076.
[2] Petitioner further supplemented his petition. (ECF No. 5.)

of federal law." (ECF Nos. 5 at PageID 23; 1 at PageID 3.) He contends that there is no record of his state court arrest, and that there is no booking number, indictment number, or arrest report either. (ECF No. 1 at PageID 4.) And so, Petitioner argues that he is being illegally detained and that the Court should vacate his federal conviction and sentence. (*Id*.)

## BACKGROUND

In January 2018, a federal grand jury indicted Petitioner on three counts: possession with the intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and knowing possession of a firearm by someone who has been convicted of a misdemeanor crime of violence, in violation of 18 U.S.C. § 922(g)(9) (Count 3). (*See United States v. White*, 2:18-cr-20023-TLP-1, at ECF No. 1.)

Many months later, Petitioner pleaded guilty to Counts 1 and 2 of the indictment under Federal Rule of Criminal Procedure 11(c)(1)(C). (*Id.* at ECF No. 49 at PageID 347–49.) Under the plea agreement, the parties agreed that Petitioner should serve a 120-month sentence. (*Id*. at PageID 349.) What is more, Petitioner waived his right to appeal the sentence on direct appeal and to challenge his conviction or sentence in a collateral attack under 28 U.S.C. § 2255. (*Id.* at PageID 350.) That waiver, however, did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. (*Id.*)

In October 2018, this Court accepted the plea agreement and sentenced Petitioner to 120 months of imprisonment followed by three years supervised release. (*See id.* at ECF No. 67.) Then Petitioner appealed his conviction, arguing that officers searched his girlfriend's home without a warrant and that the Court should have suppressed the cocaine and gun discovered there. (*See id.* at ECF No. 76 at PageID 545–46.) But the Sixth Circuit affirmed this Court's

judgment, finding that Petitioner's girlfriend verbally consented to the search. (*Id.* at PageID 548–51.)

Next in February 2020, Petitioner moved under 28 U.S.C. § 2254 to Vacate, Set Aside, or Correct Sentence. (*See* ECF No. 1.) The Court now considers Petitioner's § 2254 Petition.

## ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that the Court do a preliminary review of habeas petitions. And "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Habeas Rule 4.

For a court to grant relief under 28 U.S.C. § 2254, the petitioner must be "a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a)(1). Here Petitioner is in federal custody based on his federal conviction in *United States v. White*, 2:18-cr-20023-TLP-1. Because Petitioner (1) is not challenging a state court conviction and (2) is not being held in state custody, he does not meet § 2254(a)'s requirements.[3]

In the end, the Court **DISMISSES** the § 2254 Petition **WITH PREJUDICE** on preliminary review. The Court will enter judgment for Respondent.

## APPELLATE ISSUES

A petitioner is not always entitled to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). The court must issue or deny a certificate of

---

[3] In sum, Petitioner is attempting to collaterally attack his federal conviction using a § 2254 petition. But § 2254 petition is not the proper vehicle for such a challenge. What is more, Petitioner has challenged his federal conviction under § 2255 already and that petition is still pending. (*See White v. United States*, 2:20-cv-02120-TLP-tmp.).

appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. And a petitioner may not appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

The court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reflect the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial showing" when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must show that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed even more).

Nor does the petition have to show that his appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). But courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Petitioner cannot challenge his conviction under 28 U.S.C. § 2254. This is because there is no question that Petitioner is in federal custody under the judgment of a federal court. And so, because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a certificate of appealability.

For the same reasons, the Court **CERTIFIES** under Fed. R. App. P. 24(a) that any appeal here would not be taken in good faith.  Thus, the Court **DENIES** leave to appeal in forma pauperis.[4]

**SO ORDERED**, this 1st day of September, 2021.

                                                   s/Thomas L. Parker
                                                   THOMAS L. PARKER
                                                   UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and attach a supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the entry of this order.  *See* Fed. R. App. P. 24(a)(5).